902 N.E.2d 1077 (2009)
COUNTY OF KANKAKEE, Illinois, et al. etc., petitioners,
v.
THE ILLINOIS POLLUTION CONTROL BOARD et al., respondents.
No. 107436.
Supreme Court of Illinois.
March 25, 2009.
On November 17, 2006, the Appellate Court, Third District, issued a Rule 23 order in County of Kankakee et al. v. Illinois Pollution Control Board et al., Nos. 3-04-0271, 3-04-0285, 3-04-0289 (cons.). The appellate court determined that T & C's 2002 sitting application had been disapproved within the meaning of 415 ILCS 5/39.2(m). The appellate court further determined that T & C's 2003 application *1078 was substantially the same as the 2002 application and, consequently, reversed the Board's decision. Upon rehearing, the appellate court issued a second Rule 23 order in the case on April 24, 2008. The appellate court once again concluded that the 2002 application had been disapproved within the meaning of 415 ILCS 5/39.2(m). However, this time the appellate court determined that "the Board's findings on the substantial similarity is not against the manifest weight of the evidence" and affirmed the Board's decision. The Board, however, had not ruled on the "substantial similarity" issue, so the appellate court could not have reviewed that decision. Moreover, the appellate court neglected to address the other issues in the case, which was a necessity because the appellate court was now affirming instead of reversing.
This Court issued a supervisory order on June 5, 2008, which directed the appellate court to reconsider its judgment and determine, inter alia, whether the second application was substantially the same as the first, acknowledging that the Pollution Control Board expressly did not reach that issue. The supervisory order further directed the appellate court that, if it found the second sitting application to be properly filed, then it should address the parties' remaining arguments.
On October 10, 2008, the appellate court issued a summary order pursuant to Supreme Court Rule 23(c). The appellate court began by explaining why a summary order was appropriate, without acknowledging that it had twice implicitly determined that a summary order was not appropriate in this case. The court held that the 2003 and 2002 applications were not substantially the same, whether by "de novo or any other standard of review." Again, there was nothing for the appellate court to review on this issue because the Pollution Control Board did not reach this issue. The appellate court then proceeded to address the remaining issues, first expressing surprise that this court did not find the appellate court's complete neglect of those issues to be sufficient to address them ("we are left with addressing the remaining issues raised by WMI and the County, which were apparently not sufficiently addressed in our prior order.") The appellate court then proceeded to address each one of those issues in turn with the same brief statement: "We review the decision of the Board to determine whether that decision is supported by the manifest weight of the evidence. Town and Country I. We have. It was."
The petition for leave to appeal is denied. In the exercise of this Court's supervisory authority, the Appellate Court, Third District, is directed to vacate its judgment of October 10, 2008, in County of Kankakee et al. v. Illinois Pollution Control Board et al., Nos. 3-04-0271, 3-04-0285, 3-04-0289 (cons.). The appellate court is directed to reconsider its decision. The appellate court should first determine whether the 2002 application was disapproved within the meaning of 415 ILCS 5/39.2(m). If it determines that it was, the appellate court should next consider the effect of the Board's failure to consider the substantial similarity issue. In other words, the appellate court will determine if a remand to the Board is required or if that issue may be decided in the first instance on appeal. If it determines that it may be decided in the first instance on appeal, the appellate court will properly consider the parties' remaining issues on appeal. The appellate court's decision will not be by summary order pursuant to Supreme Court Rule 23(c) (166 Ill.2d. R. 23(c)), but shall be either by opinion pursuant to Supreme Court Rule 23(a) (166 Ill.2d R. 23(a)) or by written order pursuant to Supreme Court Rule 23(b) (166 *1079 Ill.2d R. 23(b)). The appellate court will not be flippant in its decision, but will act with the utmost decorum and give the issues the attention and consideration they deserve. The appellate court will address the issues thoroughly and completely. As part of its consideration of each issue, the appellate court will set forth the parties' arguments, the governing law, and the standard of review. If the current panel of justices is incapable of complying, or unwilling to comply, with this supervisory order, the cause should be assigned to a different panel of justices. Failure to comply with this supervisory order in all respects will result in the appellate court's decision being summarily vacated and the cause remanded to a different panel of justices.